IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>      Plaintiff,<br><br>vs.<br><br>Connecticut General Life Insurance Company,<br><br>      Defendant. | No. CV 04-0627-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Defendant's Motion to Strike Affidavit of Carmen Santa Cruz (Doc. # 101). Defendant claims that Ms. Santa Cruz's affidavit improperly attempts to create an issue of fact by contradicting prior deposition testimony. Specifically, Defendant points out that in her deposition, Ms. Santa Cruz testified that she resigned because Security Trust was having " a lot of issues, legalities, and that is why they're not in business anymore." In her affidavit, Ms. Santa Cruz states that she resigned because files were in disarray, client information was not timely entered into the computer system, she observed bickering and conflict among management and that she had heard a rumor from one employee that Security Trust was engaged in night trading, and that based on these concerns, her Series 6, 7 and 65 licenses were threatened.

      While it is true that a party cannot create an issue of fact by an affidavit that contradicts prior testimony, "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition[.]"

*Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995). The Court finds that Ms. Santa Cruz's deposition testimony and affidavit are not contradictory. While the affidavit contains a more elaborate explanation for Ms. Santa Cruz's resignation, it does not contradict her deposition testimony that Security Trust was having "a lot of issues, legalities."

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Strike Affidavit of Carmen Santa Cruz (Doc. # 101).

DATED this 30th day of November, 2005.

James A. Teilborg
United States District Judge