1   **WO**

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8   Equal   Employment   Opportunity)   No. CV 04-0627-PHX-JAT
    Commission,                      )
9                                     )   **ORDER**
              Plaintiff,              )
10                                    )
    vs.                               )
11                                    )
                                      )
12   Connecticut  General  Life  Insurance)
     Company,                          )
13                                    )
              Defendant.              )
14                                    )
                                      )
15   ─────────────────────────────────)

16       Pending before the Court is Defendant's Motion for Summary Judgment (Doc. # 96)

17   and Plaintiff's Motion to Strike Undisclosed Exhibit Offered by Defendant (Doc. # 103).

18   **I. INTRODUCTION**

19       Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this action

20   against CIGNA Healthcare of Arizona, Inc. ("CIGNA") and Connecticut General Life

21   Insurance Company ("CGLIC") under Title VII of the Civil Rights Act of 1964.[1]  The EEOC

22   claims that CGLIC discriminated on the basis of sex against Carmen Santa Cruz ("Ms. Santa

23   Cruz") when CGLIC withdrew an employment offer after learning of Ms. Santa Cruz's

24   pregnancy.  CGLIC, while admitting that it made an employment offer to Ms. Santa Cruz,

25   argues that the offer was never withdrawn and that, instead, Ms. Santa Cruz merely perceived

26

27   _____

28       [1]Defendant CIGNA was dismissed pursuant to the parties' Stipulation to Dismiss
    Defendant CIGNA Healthcare of Arizona, Inc. (Doc. # 76).

1   the offer to have been withdrawn.  In addition to seeking dismissal of the sex discrimination

2   claim, CGLIC asks the Court to dismiss the EEOC's claim for punitive damages.[2]

3   **II. LEGAL ANALYSIS AND CONCLUSION**

4         **A. Summary Judgment Standard**

5         Summary judgment is appropriate when "the pleadings, depositions, answers to

6   interrogatories, and admissions on file, together with affidavits, if any, show that there is no

7   genuine issue as to any material fact and that the moving party is entitled to summary

8   judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, summary judgment is mandated

9   "...against a party who fails to make a showing sufficient to establish the existence of an

10  element essential to that party's case, and on which that party will bear the burden of proof

11  at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

12        Initially, the movant bears the burden of pointing out to the Court the basis for the

13  motion and the elements of the causes of action upon which the non-movant will be unable

14  to establish a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-

15  movant to establish the existence of material fact.  *Id.*  The non-movant "must do more than

16  simply show that there is some metaphysical doubt as to the material facts" by "com[ing]

17  forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

18  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.

19  56(e)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury

20  could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

21  242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create

22  a material issue of fact and defeat a motion for summary judgment.  *Id.* at 247-48.  However,

23  in the summary judgment context, the Court construes all disputed facts in the light most

24  favorable to the non-moving party.  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.

25  2004).

26

27        [2]At the hearing on the Motion for Summary Judgment, CGLIC withdrew its argument

28  that Ms. Santa Cruz's back pay damages are limited as a matter of law.

### B.  Withdrawal of the Employment Offer

First, CGLIC argues that Ms. Santa Cruz's perception that the employment offer was withdrawn is insufficient to establish that, in fact, the employment offer was withdrawn. CGLIC also makes an analogy to constructive discharge cases and argues that the EEOC cannot establish that the only conclusion anyone could reach is that the offer was withdrawn. Thus, CGLIC concludes that the EEOC cannot establish a *prima facie* case of discrimination.

The complainant in a Title VII action carries the initial burden of proving a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The complainant may satisfy this burden by showing that: (1) she belongs to a protected class; (2) she applied for and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *Id.* The degree of proof and the amount of evidence that must be produced to establish a *prima facie* case of discrimination is minimal. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). "The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination." *Id.* (quoting *Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir. 1985)).

If a *prima facie* case is proven, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the rejection. *McDonnell Douglas*, 411 U.S. at 802. If the employer does so, then the complainant must show that the articulated reason is a pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Chuang v. University of California Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

CGLIC made Ms. Santa Cruz an employment offer as a customer service associate for its Phoenix call center.  This offer was communicated to Ms. Santa Cruz via a message on her answering machine after an in-person interview.  After retrieving the message, Ms. Santa Cruz called CGLIC and spoke to Sandra Gasche ("Ms. Gasche"), a staffing consultant

1   for CGLIC.  During this conversation, Ms. Gasche informed Ms. Santa Cruz that there were

2   two upcoming training classes, but that CGLIC wanted Ms. Santa Cruz to attend the earlier

3   training class.  Because of a scheduling conflict involving a medical appointment, Ms. Santa

4   Cruz asked to attend the later training class.  Nonetheless, Ms. Santa Cruz agreed to attempt

5   to reschedule the medical appointment so she could attend the earlier training class.

6        Unable to reschedule the medical appointment, Ms. Santa Cruz called Ms. Gasche and

7   again requested that she be allowed to attend the later training class. In response to Ms.

8   Gasche's additional questioning, Ms. Santa Cruz informed Ms. Gasche that she was pregnant.

9   Ms. Santa Cruz testified that Ms. Gasche's tone of voice became agitated and she became

10  impatient.  Ms. Gasche asked Ms. Santa Cruz whether she informed the initial interviewer

11  of her pregnancy and further questioned Ms. Santa Cruz's ability to satisfy CGLIC's 90-day

12  attendance policy for new hires.[3]  Despite expressing no concerns about her ability to comply

13  with the attendance policy, Ms. Gasche indicated she would call Ms. Santa Cruz back after

14  speaking with CGLIC's human resources department.

15       Thereafter, Ms. Gasche and Heather Casey ("Ms. Casey"), CGLIC's senior human

16  resources consultant, called Ms. Santa Cruz.  During this conversation, the 90-day attendance

17  policy was again explained to Ms. Santa Cruz.  Ms. Santa Cruz testified in her deposition that

18  she again expressed no concerns about her ability to satisfy the requirements of the

19  attendance policy.  Regardless, Ms. Santa Cruz testified that Ms. Casey and Ms. Gasche

20  continued to focus on the attendance policy and Ms. Santa Cruz's inability to satisfy it in light

21  of her pregnancy.  At the end of this conversation, Ms. Santa Cruz asked whether there was

22  anything else that could be done.  CGLIC, for the purpose of its motion, does not dispute that

23  either Ms. Gasche or Ms. Casey suggested that Ms. Santa Cruz reapply for the customer

24

25       [3]The 90-day attendance policy requires 100% attendance.  However, one day missed
26  would result in a verbal warning, two days missed would result in a written warning, three
    days missed would result in probation, and four days missed would result in termination for
27  unsatisfactory attendance. When queried during the in-person interview whether she had any
28  concerns regarding the attendance policy, Ms. Santa Cruz responded no.

1  service associate position after her baby was born.  Based on the foregoing conversations,

2  Ms. Santa Cruz concluded that the offer of employment had been withdrawn.[4]

3      Construing all disputed facts in the light most favorable to the EEOC, and considering

4  the undisputed fact that Ms. Gasche or Ms. Casey suggested that Ms. Santa Cruz reapply for

5  the position after her baby was born, the Court finds that there is sufficient evidence for a

6  reasonable juror to conclude that CGLIC withdrew Ms. Santa Cruz's employment offer.  *See*

7  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).[5]  The Court notes that both

8  parties failed to address the legal principles applied to determine whether or not the

9  employment offer was withdrawn.  However, this failure does not change the Court's

10  decision because CGLIC, as the movant, bears the initial burden of pointing out to the Court

11  the elements of the cause of action upon which the non-movant will be unable to establish

12  a genuine issue of material fact.

13      Further, even though neither party materially disputes what Ms. Gasche and Ms.

14  Casey said to Ms. Santa Cruz, because conflicting interpretations and inferences can be

15  drawn from these undisputed facts, the grant of summary judgment would be inappropriate.

16  *Easter v. American West Financial*, 381 F.3d 948, 959-60 (9th Cir. 2004).  Therefore,

17  CGLIC's Motion for Summary Judgment on the EEOC's sex discrimination claim will be

18  denied.

19      **C. Punitive Damages**

20      Next, CGLIC argues that it made good faith efforts to comply with Title VII and,

21  therefore, cannot be held liable for punitive damages.  The standard for assessing punitive

22

23

24      [4]Contrary to the testimony of Ms. Gasche and Ms. Casey, Ms. Santa Cruz testified that

25  she neither rejected nor expressed a lack of interest in the employment offer.

26      [5]Because CGLIC's motion only addresses one element of the EEOC's *prima facie*

27  case, and because CGLIC has failed to articulate a legitimate, nondiscriminatory reason for
   the alleged withdrawal of the offer, this Court need go no further in the *McDonnell Douglas*

28  burden shifting analysis.

damages in the employment discrimination is set out in *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 541-43 (1999). As explained by the Ninth Circuit Court of Appeals:

> [T]o be liable for punitive damages, the employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages. Most relevant here, [in *Kolstad*] the Court held that in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where those decisions are contrary to the employer's good faith efforts to comply with Title VII.

*Swinton v. Potomac Corp.*, 270 F.3d 794, 809-10 (9th Cir. 2001) (internal citations and quotations omitted). Thus, absent the employer acting in good faith, the employer will be liable for punitive damages if it acts with malice or with reckless indifference to the complainant's federally protected rights. *Kolstad*, 527 U.S. at 535.

In support of its claim that there is no genuine issue of material fact concerning its good faith efforts to comply with Title VII, CGLIC sets out its equal employment opportunity policies in effect around the time Ms. Santa Cruz applied for the customer service associate position. However, the EEOC presented evidence supporting the argument that there are genuine issues of material fact regarding the adequacy of CGLIC's policies, its good faith efforts to implement the policies, and the adequacy of its enforcement measures. As the parties are aware, the Court is required to construe all disputed facts in the light most favorable to the EEOC. Thus, the Court finds that if it is shown CGLIC withdrew the offer made to Ms. Santa Cruz because of her pregnancy, then a reasonable jury could find that CGLIC acted with malice or with reckless indifference to the complainant's federally protected rights and that its efforts to comply with Title VII were not made in good faith. Therefore, CGLIC's Motion for Summary Judgment on the EEOC's punitive damage claim will be denied.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Summary Judgment (Doc. # 96) in its entirety;

1

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike Undisclosed

2   Exhibit Offered by Defendant (Doc. # 103) without prejudice as the complained of exhibit

3   was not considered by this Court in ruling on Defendant's Motion for Summary Judgment.

4       DATED this 20th day of April, 2006.

5

6

7                                     James A. Teilborg

8                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28